FILED

UNITED STATES DISTRICT COURT 2019 SEP 25  PM 3: 26
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO.  5:19-cr- 64-Oc-27PRL
18 U.S.C. § 1341

DAVID ISAGBA                **SEALED**           18 U.S.C. § 286
JOYCE ISAGBA

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH SIX
### (Mail Fraud)

#### A.  Introduction

At times material to this Indictment:

1.      The defendants, **DAVID ISAGBA and JOYCE ISAGBA**, were individuals who resided in Lake County, within the Middle District of Florida.

2.      The Internal Revenue Service ("IRS") was an agency of the United States, whose role was to collect taxes and revenue to fund the operation of the federal government and to issue refunds to taxpayers in the event of overpayment.

## B.   Scheme and Artifice

3.     Beginning at a time unknown to the Grand Jury, but beginning at least by on or about March 23, 2009, and continuing thereafter through and including on or about September 25, 2019, in the Middle District of Florida, and elsewhere, the defendants,

**DAVID ISAGBA**
and
**JOYCE ISAGBA,**

did knowingly and with intent to defraud, devise a scheme and artifice to defraud, and for the purpose of executing the scheme or artifice, knowingly caused to be delivered by mail or any private or commercial interstate carrier matters or things as described below.

## C.   Manner and Means

4.     The manner and means used to accomplish the scheme and artifice to defraud included, among others, the following:

a.     It was part of the scheme and artifice to defraud that **DAVID ISAGBA and JOYCE ISAGBA** would and did unlawfully devise and execute a scheme and artifice to defraud the IRS of money and property by means of materially false and fraudulent pretenses, representations and promises.

2

b.  It was a further part of the scheme and artifice to defraud that **DAVID ISAGBA and JOYCE ISAGBA** would prepare IRS 1041 and 990-T forms seeking large tax refunds in the name of fictitious trusts.  At the time these forms were prepared and submitted, **DAVID ISAGBA and JOYCE ISAGBA** knew that the trusts described in the forms had no revenue, had paid no taxes, were entitled to no refunds, and did not in fact exist.

c.  It was a further part of the scheme and artifice to defraud that **DAVID ISAGBA and JOYCE ISAGBA** knowingly caused these forms to be delivered to the IRS by mail or by any private or commercial interstate carrier.

d.  It was a further part of the scheme and artifice to defraud that **DAVID ISAGBA and JOYCE ISAGBA** mailed 278 of these fraudulent forms to the IRS, seeking $2,963,774,949.82 in refunds on behalf of trusts that did not exist.

e.  It was a further part of the scheme and artifice to defraud that **DAVID ISAGBA and JOYCE ISAGBA**, by submitting the fraudulent forms, knowingly caused the IRS to deliver refund checks to **DAVID ISAGBA and JOYCE ISAGBA** by mail or by any private or commercial interstate carrier.

f.      It was a further part of the scheme and artifice to defraud

that **DAVID ISAGBA and JOYCE ISAGBA** would and did perform acts and

make statements to hide and conceal, and cause to be hidden and concealed,

the purpose of the scheme and the acts committed in furtherance thereof.

### D.   Mailings

5.      On or about the dates set forth below, in the Middle District of

Florida, and elsewhere, the defendants,

**DAVID ISAGBA
and
JOYCE ISAGBA,**

for the purpose of executing the aforesaid scheme and artifice to defraud and

for obtaining money and property by means of materially false and fraudulent

pretenses, representations and promises, did knowingly, and with intent to

defraud, mail and cause to be mailed (including by private or commercial

interstate carrier), the following documents:

| Count | Date | Description |
|-------|------|-------------|
| 1 | 11/18/2014 | IRS Form 1041 signed by David Isagba<br>Entity – "MOEO TRUST II"<br>Refund Sought -- $459,113.00 |
| 2 | 10/25/2016 | IRS Form 990-T signed by David Isagba<br>Entity – "YETZIRAH"<br>Refund Sought -- $572,112.00 |
| 3 | 5/16/2016 | IRS Form 990-T signed by David Isagba<br>Entity – "TETRAGRAMMATON"<br>Refund Sought -- $98,999.99 |
| 4 | 5/28/2019 | IRS Form 1041 signed by David Isagba<br>Entity – "TETRAGRAMMATON"<br>Refund Sought -- $854,113.00 |
| 5 | 5/28/2019 | IRS Form 1041 signed by David Isagba<br>Entity – "TETRAGRAMMATON"<br>Refund Sought -- $1,732,621.37 |
| 6 | 5/28/2019 | IRS Form 1041 signed by David Isagba<br>Entity – "TETRAGRAMMATON"<br>Refund Sought -- $643,446.00 |

All in violation of 18 U.S.C. §§ 1341 and 2.

## COUNT SEVEN
**(Conspiracy to Defraud the Government with Respect to Claims)**

6.    The allegations contained in paragraphs one through five of this Indictment are hereby realleged and incorporated herein by reference.

7.    Beginning at a time unknown to the Grand Jury, but beginning at least by on or about March 23, 2009, and continuing thereafter through and including on or about September 25, 2019, in the Middle District of Florida, and elsewhere, the defendants,

5

## DAVID ISAGBA
## and
## JOYCE ISAGBA,

knowingly and willfully entered into a conspiracy with each other and with others, both known and unknown to the Grand Jury, to defraud the United States and the IRS by aiding and attempting to obtain the payment of false, fictitious, and fraudulent claims in the manner and means described in paragraphs one through five of this Indictment.

All in violation of 18 U.S.C. § 286.

### FORFEITURE

1.     The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

6

b.      has been transferred or sold to, or deposited with, a third

party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and

28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney


By: _____
William S. Hamilton
Assistant United States Attorney


By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

7

FORM OBD-34

September 19

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

DAVID ISAGBA
JOYCE ISAGBA

## INDICTMENT

Violations:   18 U.S.C. § 1341
18 U.S.C. § 286

A true bill,

_____
Foreperson

Filed in open court this 25th day

Of September, 2019.

_____
Clerk

Bail $_____

GPO 863 525