UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 5:19-cr-64-Oc-28PRL

DAVID O. ISAGBA
JOYCE O. ISAGBA

## TRIAL BRIEF OF THE UNITED STATES

The United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, respectfully files this trial brief outlining the issues of law and evidence that may arise at trial. This case is set for trial on a date certain commencing January 19, 2021.

**I.     SUMMARY OF THE CURRENT CHARGES**

On September 25, 2019, a federal grand jury returned a seven-count indictment, Doc. 1, charging the defendants, David O. Isagba (David) and Joyce O. Isagba (Joyce), with six counts of mail fraud (including aiding and abetting) in violation of 18 U.S.C. § 1341, and with one count of conspiring to defraud the United States government with respect to claims in violation of 18 U.S.C. § 286. On May 27, 2020, a federal grand jury returned a superseding indictment, Doc. 83, which retained the same seven counts but modified the date range of the conspiracy and some of the language of the previous indictment. The superseding indictment alleges that the Isagbas' conspiracy took place beginning on an

unknown date but no later than June 8, 2009, and continuing through on or about September 25, 2019. The superseding indictment alleges that the substantive counts of wire fraud took place on a variety of dates ranging from November 18, 2014 through May 6, 2019.

II.   SUMMARY OF THE ANTICPATED FACTS AT TRIAL

Through witness testimony and exhibits, the United States anticipates the introduction of the following evidence at trial:

David Isagba and Joyce Isagba are 52 years of age and 46 years of age, respectively. They were both born in Nigeria, but are naturalized U.S. citizens. David has a prior felony conviction in New York state court for possession of forged documents, but has no other criminal history. Joyce has no prior criminal convictions.

The Isagbas submitted false IRS 1041 and 990-T forms seeking, and sometimes obtaining, large refunds from the government. In each case, the trust entities were fictitious and the items of income and deduction are completely false.

The Isagbas filed 227 false claims, with Joyce filing one and David filing the other 226. In each case, the relevant portion of the form is marked "self-prepared." The Isagbas then used the U.S. Postal Service to mail these forms to IRS service centers in Cincinnati, Ohio or Ogden, Utah.

Across these 227 fraudulent returns, the Isagbas sought a grand total of $2,947,421,304 in tax refunds on behalf of trusts that have never paid any federal taxes and apparently do not exist. The IRS properly rejected the overwhelming majority of these returns, but nine of them went through. In total, the Isagbas received $5,815,723.56 in proceeds from fraudulent returns during the course of the scheme.

David prepared and mailed out the forms for eight of these nine returns, while Joyce did the same for one. For each of these accepted fraudulent returns, the IRS generated a refund check and mailed it to the Isagbas at their residences in Lake and Brevard Counties (both within the Middle District of Florida.) The Isagbas then deposited the funds into one of two bank accounts. The first, which received the funds from Joyce's claim, is a SunTrust account in the name of Eneziakpezi Trust for which Joyce is the sole signatory. The second, which received the funds from David's claims, is a BB&T bank account in the name of Moeo Trust for which David is the sole signatory.

The first of these false trust returns was filed by the Isagbas on March 23, 2009. This was filed in the name of an entity purporting to be called "Heaven's Gate" on the Form 1041. Two days later, they filed another false 1041 in the name of the David O. Isagba Trust, seeking a refund in the amount of $546,343.

These returns were rejected, but on June 12, 2009, the first of their successful attempts occurred.

The Isagbas spent most of the proceeds on expensive cars (including a Cadillac and multiple BMWs) and a house in Leesburg, Florida, and to fund their lavish lifestyle. For example, on September 17, 2009, Joyce issued a check for $257,600 from her SunTrust account for the purchase of the Leesburg home referenced above. The home was purchased in the name of "Moeo An Irrevocable Pure Trust Organization by David Isagba." David and Joyce's names are listed on the purchase agreement as the buyers.

During the scheme, the Isagbas received numerous notices from the IRS that their claims were frivolous and without basis in law, and that they were subject to a frivolous submission penalty of $5,000 if they continued to file them. These letters were typically sent with each denied claim, but the Isagbas refused to accept service of most of them. However, at least two of them made it through and were delivered to the Isagbas as early as 2013.

IRS agents made numerous attempts to contact David Isagba and speak to him from 2016 through the present. In 2017, IRS Special Agent Richard Smith visited the Isagbas' Leesburg home and left his card and a note asking either David or Joyce to call him. Neither have.

### III.     ANTICIPATED LEGAL ISSUES

<u>BUSINESS RECORDS AND PUBLIC RECORDS</u>

The United States expects that numerous documents will be entered into evidence during the course of the upcoming trial. The United States plans to admit the majority of these documents into evidence through the following provisions of the Federal Rules of Evidence: F.R.E. § 803(6-7) (governing business records and lack of business records) and F.R.E. § 803(8) (governing public records).

The United States plans to authenticate these documents through the certification process described in F.R.E. § 902(11). F.R.E. § 902(11) requires that, prior to the trial or hearing where the evidence is to be admitted, the proponent "must give an adverse party reasonable written notice of the intent to offer the records – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them." The United States provided this notice to both defendants via electronic mail on December 15, 2020. All of the underlying business and public records, as well as their corresponding certifications, have been provided to both defendants in discovery.

## IMPEACHMENT BY PRIOR CRIMINAL CONVICTION

In the event that defendant David Isagba gives testimony during the trial, the United States intends to impeach that defendant on cross-examination by introducing evidence of any prior criminal convictions.

Federal Rule of Evidence 609 provides that evidence of a witness's character for truthfulness in the form of a criminal conviction for a felony offense "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. § 609(a)(1)(B). Furthermore, evidence of a conviction of any crime (including misdemeanors) "must be admitted if the Court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." F.R.E. § 609(a)(2).

Criminal convictions are admissible after more than ten years have passed since the conviction or release from incarceration, but only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." F.R.E. § 609(b). The United States sent the required notice, including a detailed description of the conviction intended to be used, by electronic mail on December 8, 2020.

David Isagba was convicted of the felony of criminal possession of a forged instrument in the second degree in violation of New York Penal Law § 170.25 on April 30, 2003. This law provides that a defendant is guilty if "with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters of possesses any forged instrument." This offense is a crime which requires proof or admission of a dishonest act or false statement as required by F.R.E. § 609(a)(2). *Gonzalez v. Morris*, 2018 WL 4471625 (N.D.N.Y. 2018).

## IV.   CONCLUSION

The United States respectfully requests that the Court take notice of the potential legal issues and factual circumstances for the upcoming trial.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   */s/ William S. Hamilton*
William S. Hamilton
Assistant United States Attorney
Florida Bar No. 0095045
35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
Telephone:   (352) 547-3600
Facsimile:    (352) 547-3623
E-mail:william.s.hamilton@usdoj.gov

U.S. v. David Isagba, et al.                Case No. 5:19-cr-64-Oc-28PRL

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Robert L. Shearin, Esquire
>David O. Isagba, Defendant Pro Se

I hereby certify that on January 4, 2021, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

>N/A

>/s/ William S. Hamilton
>William S. Hamilton
>Assistant United States Attorney
>Florida Bar No. 0095045
>35 SE 1st Avenue, Suite 300
>Ocala, Florida 34471
>Telephone:  (352) 547-3600
>Facsimile:  (352) 547-3623
>E-mail:william.s.hamilton@usdoj.gov