**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA,

v. Case No.: 5:19-cr-64-TPB-PRL

JOYCE ISAGBA,

Defendant.
_______________________________________/

**ORDER DENYING "PETITION FOR WRIT OF ERROR CORAM NOBIS"**

This matter is before the Court on Defendant Joyce Isagba's "Petition for Writ of Error Coram Nobis," filed by counsel on March 2, 2026. (Doc. 348). On March 10, 2026, the Government filed a response in opposition. (Doc. 349). At the direction of the Court, the Government filed a second response on June 17, 2026. (Docs. 350; 358). With the Court's permission, Defendant filed a reply. (Docs. 362; 363). No evidentiary hearing is required. *See United States v. Yadigarov*, 840 F. App'x 487, 491 (11th Cir. 2021) (finding that the district court did not abuse its discretion by denying petition for writ of coram nobis without an evidentiary hearing). After reviewing the petition, court file, and the record, the Court finds as follows:

## Introduction

On July 16, 2022, a jury found Defendant guilty of participating in a mail fraud conspiracy with her former husband that resulted in the IRS issuing improper refunds valued at approximately $5.3 million dollars. The maximum possible sentence for Defendant's criminal activity was 70 years in prison, and the Federal

Sentencing Guidelines recommended between 46 and 57 months incarceration, but Defendant was sentenced to five years of probation. Her probation was subsequently terminated early on October 14, 2025, although she had served less than half of her probationary sentence and owed more than $1.5 million dollars in restitution. Unsatisfied with that outcome, Defendant now seeks to vacate her conviction altogether alleging that her lawyer was ineffective.

## **Background**

Defendant was a registered nurse who immigrated from Nigeria in 1995 and became a United States citizen. From 2009 to 2019, her husband filed 227 fraudulent tax returns seeking $2.9 billion in refunds for dozens of shell entities with no income, assets, or tax payments. The IRS rejected most of those returns, but a few slipped through the cracks. The Isagbas ultimately collected eight refunds totaling $5.3 million, spending the money on a home, luxury cards, shopping sprees, and living expenses. The couple separated in March 2017 and eventually divorced.

Based on this conduct, a grand jury ultimately charged the Isagbas with conspiracy to defraud the government, in violation of 18 U.S.C. § 286, in connection with the decade-long scheme to obtain fraudulent income-tax refunds (Count 7), along with six counts of mail fraud and aiding and abetting maul fraud, in violation of 18 U.S.C. §§ 1341 and 2, relating to specific tax returns (Counts 1 through 6). Although Mr. Isagba pleaded guilty, Defendant went to trial. The jury convicted Defendant on the conspiracy charge (Count 7) and on the mail-fraud charges

relating to tax returns filed before the Isagbas separated (Counts 1 through 3), but the jury acquitted her on the mail-fraud charges related to returns filed after the separation (Counts 4 through 6). The Court varied *significantly below* the advisory guidelines range of 46 to 57 months and sentenced Defendant to five years of probation.

Defendant appealed, and the Eleventh Circuit affirmed the judgment and sentence. *See United States v. Isagba*, No. 23-12447, 2024 WL 1757164 (11th Cir. Apr. 24, 2024), *certiorari denied*, *Isagba v. United States*, 145 S. Ct. 290 (2024). In September 2025, Defendant requested early termination of supervised release. The Court granted early termination on October 14, 2025.

In November 2025, Defendant filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which the Court dismissed because she had completed her term of probation. She now seeks coram nobis relief based on the same ineffective assistance of counsel claim, alleging that trial counsel failed to present a viable defense, misunderstood the law, and failed to challenge the Government's circumstantial evidence.

**<u>Analysis</u>**

The All Writs Act provides federal courts with the authority to issue writs of error coram nobis. 28 U.S.C. § 1651(a); *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Yadigarov*, 840 F. App'x at 490. In fact, "the writ may issue only where

there is and was no other available avenue of relief and the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (internal quotations omitted).

In this case, Defendant claims that her counsel was ineffective for failing to investigate and present critical evidence of coercive control and cultural subordination bearing directly on intent and voluntariness; failing to present readily available corroborating witnesses; and failing to effectively challenge the Government's attribution theory. But Defendant could have pursued other avenues for relief – through direct appeal and through a timely motion under § 2255.

Although ineffective assistance claims are ordinarily reserved for collateral review, the Eleventh Circuit will consider such claims on direct appeal when the record is sufficiently developed. *See United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008); *see also Massaro v. United States*, 538 U.S. 500, 508 (2003). This case appears to fall within the narrow category of cases in which the record was sufficiently developed to permit appellate review as counsel conceded to several errors at the sentencing (including the failure to call David Isagba as a witness), and the Court directly questioned counsel regarding his professional experience and trial strategy. It therefore appears that at least to some of her present claims, these issues could have been raised on direct appeal.

In addition, Defendant had a full and fair opportunity to challenge her conviction through a timely motion under 28 U.S.C. § 2255 but failed to do so.

Under § 2255(f)(1), the one-year limitations period began to run when Defendant's conviction became final on October 7, 2024. *See Isagba v. United States*, 145 S. Ct. 290 (2024). She therefore had until October 7, 2025, to file a timely § 2255 motion. Instead of doing so, she pursued other relief: early termination of probation, and a reduction in her restitution obligation. By the time Defendant eventually filed her § 2255 motion, on November 7, 2025, it was one month too late. Thus, although the Court dismissed the § 2255 motion for lack of jurisdiction because Defendant was no longer "in custody" for purposes of § 2255, the motion was independently barred by the one-year limitations period.

Importantly, as the Government correctly points out, nothing about Defendant's early termination of probation prevented her from obtaining § 2255 relief. Had she filed at any point before October 7, 2025, she would have satisfied both § 2255's one-year limitations period and its in-custody requirement. Defendant failed to do so, and that failure is fatal to her request for coram nobis relief. After all, the United States Supreme Court and Eleventh Circuit have made it clear that the writ may not be used when a statutory remedy exists, as it existed here. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Coram nobis cannot be used to resurrect a remedy that was forfeited through delay. Consequently, because Defendant could have pursued her claims through either direct appeal and/or a timely § 2255 motion, she cannot satisfy the threshold requirement that "there is and was no other available avenue of relief." *See id.*

Defendant attempts to justify her failure to earlier seek relief by pointing to her lack of financial resources to retain counsel to pursue federal habeas relief. But she does not explain why she failed to present a claim she already knew about through a fully available remedy. She knew of the underlying facts at the conclusion of trial and could have pursued relief earlier, but she did not do so. Her financial constraints do not alter this conclusion as a petitioner does not need to have counsel to present or preserve a claim under § 2255 -- there is no constitutional right to counsel in postconviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004). In fact, Defendant filed her original § 2255 motion *pro se*, a fact which undermines the premise of her argument – if she could prepare and submit a § 2255 motion without counsel shortly after the limitations period expired, the lack of counsel cannot explain her failure to do so during the one-year period when relief remained available.

Defendant knew of her claims, had access to the courts, and had an available statutory vehicle through which she could present her claims. She cannot establish "sound reasons" for waiting until after the § 2255 limitations period expired, and coram nobis relief is therefore unavailable. *See Alikhani*, 200 F.3d at 734.

Finally, the Court notes that the errors complained of do not appear fundamental. Defendant does not contend a lack of subject-matter jurisdiction. She does not claim that she was convicted of conduct that was not criminal. She does not assert that she was denied counsel altogether, *or that she is actually innocent.*

Instead, she complains that trial counsel performed deficiently by failing to investigate facts, present a different defense, better understand the law, and more aggressively challenge the Government's evidence. These errors describe fairly standard, garden-variety ineffective assistance of counsel claims rather than any fundamental error challenging the validity of the Court's authority to enter judgment. Regardless of the possible merits of Defendant's contentions, her petition fails to establish the type of fundamental defect for which coram nobis exists.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this 21st day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE